# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HEATHER WISEMAN,

        *Plaintiff*,

vs.

WAL-MART STORES, INC.,

        *Defendant.*

Case No. 08-1244-EFM

## MEMORANDUM AND ORDER

Before the Court is Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss the second count of Plaintiff Heather Wiseman's Complaint (Doc. 3). The motion has been fully briefed. For the following reasons, the Court grants the motion.

### I. Factual and Procedural Background

Heather Wiseman asserts two claims against Wal-Mart Stores, Inc.: (1) a violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*; and (2) a violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2612 *et seq.* Plaintiff began working for Defendant on October 31, 2006 as a sales floor associate. In May 2007, Plaintiff learned she was pregnant and informed Defendant of her condition. While pregnant, Plaintiff suffered from urinary and bladder infections, and began carrying a water bottle at work on her doctor's advice. After Plaintiff became pregnant, Defendant changed its policy to prohibit non-cashier employees from carrying water bottles, and it told Plaintiff to stop carrying one.

After Plaintiff stopped carrying a water bottle, she claims her urinary and bladder problems reoccurred due to a lack of hydration. After obtaining a doctor's note recommending she be allowed to carry a water bottle, Plaintiff was told by Defendant she would not be allowed to carry one. Plaintiff subsequently worked in the fitting room area, where she claims she was not allowed access to water as recommended by her doctor, and began carrying a water bottle again. Defendant then terminated Plaintiff's employment, citing insubordination as the reason. In her Complaint, Plaintiff alleges that the insubordination discharge was pretextual, and that she was terminated on account of her pregnancy and subsequent medical conditions.

Defendant has filed a motion to dismiss Plaintiff's FMLA claim because: (1) Plaintiff does not allege the necessary elements of an FMLA claim in her Complaint; (2) Plaintiff does not allege that she was "eligible" for FMLA leave; and (3) Plaintiff does not allege whether she is filing an FMLA claim for interference or retaliation.

## II. Standard of Review

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the Complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[1] Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the Complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[2] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 546 (2007).

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

speculatively, has a claim for relief.[3]

In ruling on a motion to dismiss for failure to state a claim, the court assumes as true all well pleaded facts in the Complaint and views them in the light most favorable to the plaintiff.[4] The court, however, need not accept as true those allegations which state only legal conclusions.[5] Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved.[6] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

**III. Analysis**

Defendant asserts in its motion to dismiss that Plaintiff's Complaint is deficient because: (1) Plaintiff does not allege the necessary elements of an FMLA claim in her Complaint; (2) Plaintiff does not allege that she was "eligible" for FMLA leave; and (3) Plaintiff does not allege whether she is filing an FMLA claim for interference or retaliation.

Defendant argues that Plaintiff does not establish that she is an eligible employee under the standards of the FMLA, making dismissal proper. To be an eligible employee under the FMLA, Plaintiff must have been employed by Defendant for at least twelve months, and have at least 1,250

---

[3]*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[4]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[5]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6]*Id.*

[7]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)(citations and quotations omitted).

hours of service with Defendant over the previous twelve months.[8]  Plaintiff's Complaint alleges that she was employed for over twelve months, but does not contain the number of hours she worked for the Defendant.  As such, she has not alleged the minimum hour requirement needed to be an eligible employee under the FMLA.

In *Schmitt v. Beverly Health and Rehabilitation Services*,[9] the Court ordered dismissal because the Complaint pleaded facts that were insufficient to satisfy the necessary elements of a FMLA claim.[10]  While *Schmitt* calls for dismissal when the facts are facially deficient, *Tate v. Farmland Industries, Inc*.[11] holds that dismissal with prejudice is improper where a plaintiff failed to include allegations that stated the requisite hours needed for FMLA eligibility.[12]  Accordingly, it would be improper to dismiss with prejudice the Plaintiff's FMLA claim although she did not address the 1,250 hour requirement of § 2611(2) on this basis.

Defendant, however, further argues that the claim should be dismissed because Plaintiff does not allege what type of FMLA claim she is asserting.  There are two types of FMLA claims, retaliation and interference.[13]  The elements of a FMLA retaliation claim are: (1) she engaged in a protected activity; (2) the employer took an action that a reasonable employee would have found materially adverse;  and (3) there exists a causal connection between the protected activity and the

---

[8] 29 U.S.C. § 2611(2)(A) (2009).

[9] 962 F. Supp 1379 (D. Kan. 1997).

[10] *Id.* at 1384.  (Plaintiff stated in Complaint that she worked seven months, but twelve months are necessary for FMLA eligibility).

[11] 268 F.3d 989 (10th Cir. 2001).

[12] *Id.* at 996-97.

[13] 29 U.S.C. § 2615(a) (2009).

adverse action.[14]

Under the FMLA, relevant statutorily protected activities include taking leave related to pregnancy and giving thirty days notice to Defendant prior to Plaintiff's taking leave.[15]   Plaintiff's Complaint does not allege that she took part in any activity protected under the FMLA.  Plaintiff does reference an adverse action and a causal connection to her pregnancy, but the mention is conclusory without factual backing.  Conclusory statements in a Complaint are insufficient to state a claim on which relief can be granted.[16]  Because the Plaintiff does not allege she engaged in a statutorily protected activity, and because she lacks factual allegations to support the second and third elements of a FMLA claim, her Complaint is insufficient to support a FMLA retaliation claim.

The elements of a prima facie case of FMLA interference are: (1) that she was eligible for FMLA leave, (2) that some adverse action by the employer interfered with her right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of her FMLA rights.[17]  Plaintiff states that she was at least seven months pregnant at the time of her termination, yet pregnancy alone does not provide FMLA protection.  Expectant mothers may take FMLA leave prior to birth if they require prenatal care or their condition makes them unable to work,[18] but Plaintiff does not allege she attempted either of these activities.  Plaintiff also alleges her termination by Defendant was an adverse action, but only offers conclusory statements as to how the Defendant's actions were related to an exercise or attempted exercise of FMLA rights.  Although

---

[14]*Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1171 (10th Cir. 2006).

[15]29 U.S.C. § 2612(a)(1), (e)(1).

[16]*Hall*,  935 F.2d at 1110.

[17]*Metzler*, 464 F.3d at 1180.

[18]*Gudenkauf v. Stauffer Comm., Inc.*, 922 F. Supp 465, 474 (D. Kan. 1996).

Plaintiff was pregnant, she does not allege her condition kept her from working, or that she attempted to receive pre-natal care. Plaintiff makes no allegation that she was eligible for FMLA leave, or that her termination was related to any type of protected activity. Therefore, Plaintiff's Complaint is insufficient to sustain a claim for FMLA interference.

Plaintiff asserts that the Complaint is sufficient, and if not, that leave should be allowed to amend the Complaint. She argues that dismissal is improper when amendment would save an otherwise deficient claim. *Triplett v. LeFlore County, Oklahoma*[19] states that dismissal is proper only when it is obvious that the Complaint could not be sufficiently altered to save the claim.[20]

While the Plaintiff did have the opportunity to amend her Complaint to cure any deficiencies, she has failed to do so.[21] Further, in her response to Defendant's motion, Plaintiff failed to address the substantive problems in her complaint, and merely argued that the appropriate remedy was to allow amendment, without explaining what amendments she could make to cure her deficiencies. Plaintiff has foregone several opportunities to demonstrate to the Court how her claim could be made viable, and from the facts she has asserted, it does not appears that Plaintiff could make additional factual assertions creating a viable FMLA claim.

---

[19] 712 F.2d 444 (10th Cir. 1983).

[20] *Id.* at 446, *See also Curley v. Perry*, 264 F.3d 1278, 1281-82 (10th Cir. 2001).

[21] The Court notes that the scheduling order required any amended pleadings be filed by November 24th, 2008. This motion was fully briefed at that time, yet Plaintiff failed to file any motion seeking leave to file an amended complaint by that deadline or to date.

6

It is within the court's discretionary power to grant leave to a plaintiff to amend their Complaint, when the plaintiff knows or should have known of the information on which the proposed amendment is based.[22] Federal Rules of Civil Procedure allow Plaintiff to amend a Complaint as a matter of course within prescribed limits, and also allows the court to give leave "when justice so requires."[23] However, as *Ali v. Dinwiddie*[24] states, the Court should refuse leave to amend "upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment."[25]

While the Court believes it would be appropriate to allow Plaintiff to amend her Complaint to address the hours of service making her eligible for FMLA coverage, the Court concludes it is futile to grant her yet another opportunity to amend to allege that she took part in a statutorily protected activity, or that her employer took adverse action interfering with her right to take eligible FMLA leave. Therefore, the Court dismisses the FMLA count.

**IT IS ACCORDINGLY ORDERED** this 9th day of June, 2009 that Defendant Wal-Mart Stores, Inc.'s Motion to Dismiss the second count (Doc. 3) is hereby GRANTED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[22] *Trotter v. Regents of the University of New Mexico*, 219 F.3d 1179, 1185 (10th Cir. 2000).

[23] Fed. R. Civ. P. 15(a)(2).

[24] 291 Fed. Appx. 164 (10th Cir. 2008).

[25] *Id.* at 166.