## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HEATHER WISEMAN,

        *Plaintiff*,

vs.

        Case No. 08-1244-EFM

WAL-MART STORES, INC.,

        *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Heather Wiseman's Motion to Reconsider the Order Dismissing Count II of her Complaint (Doc. 38). The motion has been fully briefed. For the following reasons, the Court denies the motion.

### I. Factual and Procedural Background

Heather Wiseman asserted two claims against Wal-Mart Stores, Inc.: (1) a violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*; and (2) a violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2612 *et seq.* Defendant filed a motion to dismiss Plaintiff's FMLA claim because: (1) Plaintiff did not allege the necessary elements of an FMLA claim in her complaint; (2) Plaintiff did not allege that she was "eligible" for FMLA leave; and (3) Plaintiff did not allege whether she was filing an FMLA claim for interference or retaliation.[1] The Court granted the motion.[2] Plaintiff now

---

[1]Doc. 4.

[2]Doc. 36.

brings a Motion to Reconsider asserting that the Court did not consider the Pre-Trial Order entered in this case, and the Pre-Trial Order sufficiently stated an FMLA claim.

## II.  Standard of Review[3]

The court possesses discretion whether to grant a motion to reconsider.[4]  Because the motion was filed "within 10 days of the district court's entry of judgment," the court analyzes the motion under Fed. R. Civ. P. 59(e).[5]  Under Rule 59(e), a motion to reconsider "should be granted only to correct manifest errors of law or to present newly discovered evidence."[6]  A motion to reconsider is not an opportunity to rehash rejected arguments or to offer new legal theories or facts that were available but undeveloped in prior briefing.[7]  In other words, the motion is innapropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[8]

## III. Analysis

Plaintiff asserts that the Court should reconsider its Order Dismissing Count II of Plaintiff's Complaint for failing to consider the Pre-Trial Order when deciding the motion to dismiss.  In the Court's Order Dismissing Count II of Plaintiff's Complaint, the following reasons were cited as necessitating dismissal: (1) Plaintiff did not allege the necessary elements of an FMLA claim in her

---

[3]The Court notes that because Plaintiff does not address what rule she is bringing her motion to reconsider under, the Court will address it under Fed. R. Civ. P. 59(e) and D. Kan. Rule 7.3(b) which are substantially similar.

[4]*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 (10th. Cir. 2000).

[5]*Price v. Philpot*, 420 F.3d 1158, 1167 (10th. Cir. 2005).

[6]*Adams*, 225 F.3d at 1186.

[7]*Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th. Cir. 1994); *Demster v. City of Lenexa*, 359 F.Supp.2d 1182, 1184 (D. Kan. 2005); *Theno v. Tonganoxie Unified Sch. Dist. No. 464*, 377 F.Supp.2d 952, 976 (D. Kan. 2005).

[8]*See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Complaint; (2) Plaintiff did not allege that she was "eligible" for FMLA leave; and (3) Plaintiff did not allege whether she was filing an FMLA claim for interference or retaliation.[9]  Plaintiff brings this motion stating that the Pre-Trial Order set forth the necessary elements of an FMLA claim because the parties stipulated to Plaintiff requesting and being granted FMLA leave.[10]

Because a Pre-Trial Order shall supersede all pleadings and control the subsequent course of this case,[11] Plaintiff argues the Court's failure to consider the stipulations within the Pre-Trial Order warrants reconsideration of the dismissal.  A motion for reconsideration should be based on: (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.[12]  Plaintiff's conclusory statements in her Motion to Reconsider that the Pre-Trial Order sufficiently alleges a FMLA claim are not supported by the language of the Pre-Trial Order.

The Pre-Trial Order stipulates that to recover under a theory of FMLA retaliation, Plaintiff must show that: (1) she engaged, or was anticipated to engage in a protected activity; (2) Defendant terminated her employment; (3) there existed a causal connection between Plaintiff's exercise or anticipated exercise of protected activity and Defendant's termination of Plaintiff; and (4) Plaintiff's protected activity was a determining factor in her termination.[13]  However, in Plaintiff's Factual Contentions in the Order, no mention is made of any alleged retaliation against Plaintiff for taking

_____

[9]Doc. 36, p. 3.

[10]Doc. 29, pp. 2-3.

[11]*Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th. Cir. 2002).

[12]D. Kan. Rule 7.3(b).

[13]Doc. 29, pp. 9-10.

FMLA leave.[14]  Plaintiff asserts that she was terminated because of "her refusal to give up her water bottle . . . and because of her pregnancy."[15]  As the Court has previously noted, being pregnant is not a protected activity as defined by the FMLA,[16] and neither is Plaintiff's refusal to stop carrying a water bottle.[17]

While Plaintiff does allege the theory of recovery under which she is asserting her FMLA claim, and both parties stipulate what the essential elements of an FMLA retaliation claim are, Plaintiff fails to asset facts necessary to meet those elements.  Plaintiff makes no mention of the FMLA leave in her contentions and asserts she was terminated for reasons unrelated to FMLA protected activities.  Because Plaintiff fails to set forth the elements essential to an FMLA claim, the Pre-Trial Order does not sufficiently rectify Plaintiff's FMLA complaint.

Furthermore, Count II of Plaintiff's Complaint was dismissed because Plaintiff did not allege that she was eligible for FMLA leave, and Plaintiff presents no arguments which would rectify this fault.  To be an eligible employee under the FMLA, Plaintiff must have been employed by Defendant for at least twelve months, and have at least 1,250 hours of service with Defendant over the previous twelve months.[18]  Plaintiff's Complaint alleges that she was employed for over twelve months, but it does not contain the number of hours she worked for the Defendant.  As such, she has not alleged the minimum hour requirement needed to be an eligible employee under the FMLA.

---

[14]*Id.* at 7.

[15]*Id.*

[16]Doc. 36, p. 5.

[17]29 U.S.C. §§ 2612(a)(1), (e)(1) (2009).

[18]See 29 U.S.C. § 2611(2)(A) (2009).

4

Plaintiff's assertion that the Pre-Trial Order sets forth the essential elements of an FMLA claim is not supported by the language in that Order.  Therefore, the Court denies Plaintiff's motion.

**IT IS ACCORDINGLY ORDERED** this 21st day of July, 2009 that Plaintiff Heather Wiseman's Motion to Reconsider the Order Dismissing Count II of her Complaint (Doc. 38) is hereby DENIED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN