# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HEATHER WISEMAN,

        *Plaintiff*,

vs.

WAL-MART STORES, INC.,

        *Defendant.*

Case No. 08-1244-EFM

## MEMORANDUM AND ORDER

Before the Court is Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (Doc. 30). The motion has been fully briefed. Plaintiff's claim of pregnancy discrimination under the Pregnancy Discrimination Act ("PDA") is evaluated under a burdens shifting analysis, with Plaintiff first having the burden of proving a *prima facie* case of discrimination. However, Plaintiff fails to establish the fourth element of her *prima facie* case because she mistakenly attempts to merge the PDA and American with Disabilities Act ("ADA") into a single body of law. Plaintiff's failure to establish a *prima facie* case of discrimination results in her not meeting the initial burden needed to survive summary judgment. For the following reasons, the Court grants the motion.

## I. Factual and Procedural Background

Heather Wiseman asserted two claims against Wal-Mart Stores, Inc.: (1) a violation of Title VII, 42 U.S.C. §§ 2000e *et seq*.; and (2) a violation of the Family Medical Leave Act (FMLA), 29

U.S.C. § 2612 *et seq*.  The Court previously dismissed Plaintiff's FMLA claim.[1]

Plaintiff began working for Defendant on October 31, 2006 as a sales floor associate.  In May 2007, Plaintiff learned she was pregnant and informed Defendant of her condition.  While pregnant, Plaintiff suffered from intermittent urinary and bladder infections, and began carrying a water bottle at work on her doctor's advice.  After Plaintiff became pregnant, Defendant changed its policy to prohibit non-cashier employees from carrying water bottles, and it told Plaintiff to stop carrying one.

Plaintiff stopped carrying a water bottle, but claims her urinary and bladder problems reoccurred due to a lack of hydration.  Although she obtained two doctor's note recommending she be allowed to carry a water bottle, Plaintiff was told by Defendant she would not be allowed to carry one.  Plaintiff subsequently worked in the fitting room area, where she claims she was not allowed access to water as recommended by her doctor, and began carrying a water bottle again. Defendant then terminated Plaintiff's employment, citing insubordination as the reason.  Plaintiff alleges that the insubordination discharge was pretextual, and that she was terminated on account of her pregnancy and subsequent medical conditions.

## II.  Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[2]  "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[3]  A fact

---

[1] Doc. 36.

[2] Fed. R. Civ. P. 56.

[3] *Haynes v. Level 3 Comms., LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

is "material" when "it is essential to the proper disposition of the claim."[4] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[5]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[6] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[7]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[8] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[10] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[11] The nonmovant's "evidence, including testimony, must be based on more than

---

[4]*Id.*

[5]*LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[6]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[7]*Id.* (citing *Celotex*, 477 U.S. at 325.)

[8]*Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[9]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[10]*Adler*, 144 F.3d at 671.

[11]*White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

3

mere speculation, conjecture, or surmise."[12]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[13]

## III. Analysis

Defendant moves for summary judgment on Plaintiff's remaining claim under the PDA. Plaintiff claims that she was fired by Defendant after she chose to carry a water bottle at work against Defendant's request, establishing a *prima facie* case of pregnancy discrimination. Plaintiff also argues that any reason Defendant proffers for her termination is pretextual, because the PDA requires Defendant to make reasonable accommodations related to Plaintiff's pregnancy, and that Defendant's failure to do so was a violation of Plaintiff's rights under 42 U.S.C. § 2000e(k). Defendant counters that Plaintiff cannot establish a *prima facie* case of discrimination because the PDA does not require it to make any reasonable accommodations relating to Plaintiff's pregnancy. In addition, Defendant asserts that even if Plaintiff could establish a *prima facie* case, its termination of Plaintiff on the grounds of insubordination constitutes a legitimate and nondiscriminatory reason for that termination.

### A. Plaintiff's Burden of Proving a *Prima Facie* Case of Pregnancy Discrimination[14]

Plaintiff's claim under the PDA is evaluated under a burden shifting analysis.[15] Under this analysis, Plaintiff bears the initial burden of proving a *prima facie* case of pregnancy

---

[12]*Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[13]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[14]The Court notes that a burden shifting analysis is appropriate when Plaintiff offers no direct evidence of discrimination, as is the case here. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[15]*Leeker v. Gill Studios, Inc.*, 21 F. Supp. 2d 1267, 1271 (D. Kan. 1998) (citing *McDonnell Douglas*, 411 U.S. at 802-04).

4

discrimination.[16] The burden then shifts to Defendant to offer a legitimate, non-discriminatory reason for the termination.[17] If Plaintiff can then show that Defendant's offered reason for termination is pretextual, Plaintiff's claim survives Defendant's motion for summary judgment.[18]

To establish a *prima facie* case of pregnancy discrimination, Plaintiff must show that: "(1) she belonged to the protected class, e.g., she was pregnant during the relevant time period; (2) she remained qualified for her position or applied for another position for which she was qualified; (3) she received unfavorable treatment; and (4) she was treated less favorably than others who were not pregnant but were similar in their ability or inability to work."[19]

Plaintiff satisfies the first three elements of a *prima facie* case of pregnancy discrimination. It is undisputed that Plaintiff was pregnant during the time of the events in question. Similarly, Plaintiff was fired solely for her insubordination related to carrying a water bottle, so her qualifications for her position are not in question.[20] Plaintiff's termination by Defendant satisfies the third element of unfavorable treatment. Defendant contests Plaintiff's ability to prove the final element of her *prima facie* case of pregnancy discrimination.

Plaintiff's argument in support of the final element of her *prima facie* case relies on the proposition that Defendant was required by law to accommodate her request to carry a water bottle. Plaintiff makes no attempt to argue that Defendant's policy concerning water bottles was enforced

---

[16]*Leeker*, 21 F. Supp. 2d at 1271.

[17]*Id.*

[18]*Id.*

[19]*Id.* at 1271-72 (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1380 (10th Cir.1994)).

[20]The Court notes that while Defendant has presented evidence about Plaintiff's employment history relating to her job performance, the Court will not consider these arguments because the Defendant claims that Plaintiff was fired solely for insubordination. *See* Doc. 41, p. 14.

5

in such a way to treat Plaintiff differently from other non-pregnant employees. Accordingly, for Plaintiff to establish a *prima facie* case of pregnancy discrimination, the Court must find that Defendant had a legal responsibility to make reasonable accommodations for the Plaintiff.

Plaintiff argues that under the PDA, Defendant was required to make reasonable accommodations relating to Plaintiff's pregnancy, i.e., allowing her to keep the water bottle. The PDA itself only guarantees that pregnant employees have the right to be treated the same as non-pregnant employees.[21] Plaintiff asserts that the PDA is actually broader in scope, citing *EEOC v. Ackerman, Hood & McQueen, Inc.*,[22] for the proposition that because Defendant is required to accommodate disabilities,[23] pregnancy and its conditions must be treated the same as any other disability. Because Defendant is subject to the ADA and must accommodate employees with disabilities under that Act, Plaintiff argues that Defendant must also accommodate pregnancy and its accompanying conditions as a disability.[24] Plaintiff asserts that because the PDA requires her to be treated the same as any other disabled employee, Defendant should have made reasonable accommodations allowing Plaintiff to keep her water bottle.

Despite Plaintiff's attempt to merge the PDA and ADA to form a theory of recovery, she has failed to present a viable argument satisfying the fourth element of her *prima facie* case for pregnancy discrimination. The PDA and ADA are separate bodies of law that are not interchangeable, and Plaintiff only brings this claim under the PDA. Further, Plaintiff misconstrues

---

[21]*See* 42 U.S.C. 2000e(k) (2009).

[22]956 F.2d 944 (10th Cir. 1992).

[23]Because Defendant employs more than fifteen employees, it must conform to the guidelines of both the ADA (42 U.S.C. § 12101 *et seq.*) and the PDA (42 U.S.C. § 2000e-2(b)).

[24]Doc. 39, p. 11 (citing *Ackerman*, 956 F.2d at 944).

the PDA as the right to be treated as well as any other disabled employee. This is overstating the reach of the PDA, as "[n]othing in the PDA requires an employer to give preferential treatment to pregnant employees."[25] All the PDA grants is the right to be treated *no worse* than any other employee.[26] To satisfy the fourth element of her *prima facie* case, Plaintiff would have to present evidence of similarly situated workers who were allowed to carry water bottles when the Plaintiff was not. Because Plaintiff has not shown that any other employee, disabled or otherwise, was allowed to carry a water bottle on the sales floor,[27] Plaintiff has failed to establish the fourth element of a *prima facie* case of pregnancy discrimination.

If the Court were to accept Plaintiff's assertion that elements of the ADA and PDA could be merged to form one cohesive body of law, her argument would still fail. Plaintiff relies upon a lack of reasonable accommodation of her pregnancy, as guaranteed under the ADA, to prove her *prima facie* case under the PDA. Pregnancy, however, is not a disability within the meaning of the ADA.[28] Plaintiff would not be entitled to reasonable accommodations for a disability under the ADA if she is not disabled as defined by the ADA. Accordingly, Plaintiff cannot establish the fourth element of a *prima facie* case of pregnancy discrimination.

---

[25] *EEOC v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1195 (10th Cir. 2000).

[26] *See Deneen v. Northwest Airlines, Inc.*, 132 F.3d 431, 436-37 (8th Cir. 1998) ("the PDA allows 'employers [to] treat pregnant women as badly as they treat similarly affected but nonpregnant employees'").

[27] The Court notes that while Defendant's employees are prohibited from carrying water bottles on the sales floor, cashiers are allowed to keep a drink behind their checkout stand because they are not allowed to leave their stand to use a water fountain. Doc. 31, p. 4.

[28] *See e.g. Gudenkauf v. Stauffer Communs., Inc.*, 922 F. Supp. 465, 474 (D. Kan. 1996) (holding that pregnancy related medical conditions do not constitute a disability under the ADA); *Gover v. Speedway Super Am., LLC.*, 254 F. Supp. 2d 695, 705 (S.D. Ohio 2002) (pregnancy is not a disability within the meaning of the ADA); *Minot v. Port Auth. of N.Y. & N.J.*, 116 F. Supp. 2d 513, 525 (S.D.N.Y. 2000) ("Every court to consider the question of whether pregnancy in and of itself is a 'disability' within the meaning of the ADA has concluded that it is not").

### B.  Defendant's Legitimate, Nondiscriminatory Reason for Termination

If Plaintiff had established a *prima facie* case of pregnancy discrimination, the burden would have shifted to Defendant to offer a legitimate, nondiscriminatory reason for Plaintiff's termination.[29] Although the Court has found that Plaintiff did not meet her *prima facie* case, out of an abundance of caution the Court will nevertheless complete the analysis.  Defendant asserts that Plaintiff was fired solely for insubordination, because she continued to carry a water bottle after being told repeatedly she was not allowed to.[30]  Insubordination is a legitimate, nondiscriminatory reason.[31] Therefore, Defendant would meet its burden of offering a legitimate, nondiscriminatory reason for Plaintiff's termination.

### C.  No Evidence of Pretext

Once Defendant had offered a legitimate, nondiscriminatory reason for Plaintiff's termination, the burden would shift back to the Plaintiff to prove that Defendant's "proffered reason for the challenged action is pretextual-i.e. unworthy of belief."[32]  While Plaintiff does not have to follow any particular method to prove pretext,[33] there are generally three ways in which pretext is proven: "(1) with evidence that the defendants stated reason for the adverse employment action was false; (2) with evidence that the defendant acted contrary to a written company policy prescribing the action to be taken by the defendant under the circumstances; or (3) with evidence that the

---

[29]*Leeker*, 21 F. Supp. 2d at 1271.

[30]Doc. 29, p. 8.

[31]*See Ackerman*, 956 F.2d at 947 (citing *Nulf v. Int'l. Paper Co.*, 656 F.2d 553, 559 (10th Cir. 1981) (insubordination constitutes a valid, nondiscriminatory reason for termination)).

[32]*Leeker*, 21 F. Supp. 2d at 1271 (quoting *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995)).

[33]*Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

8

defendant acted contrary to an unwritten policy or contrary to company practice when making the adverse employment decision affecting the plaintiff."[34] Plaintiff can prove Defendant acted contrary to an unwritten policy or practice by "providing evidence that [s]he was treated differently from other similarly-situated employees who violated work rules of comparable seriousness."[35]

Plaintiff's argument as to why Defendant's reason for termination is pretextual is based almost entirely upon her proposition that Defendant was required to make reasonable accommodations for her condition.[36] However, the Court already decided that Plaintiff's attempt to merge elements of the PDA and ADA together was inadequate to satisfy the fourth element of her *prima facie* case. For those same reasons, the Court would now find that Plaintiff could not rebut Defendant's legitimate, nondiscriminatory reason with the same flawed reasoning. Accordingly, Plaintiff could not prove that Defendant's proffered reason for termination is pretextual.

Plaintiff has failed to establish a *prima facie* case of pregnancy discrimination under the PDA by failing to prove the fourth element of the test. While Plaintiff argues that Defendant was required to make reasonable accommodations for Plaintiff's condition, this reasoning is flawed because the PDA does not incorporate the reasonable accommodations portion of the ADA, and under the ADA pregnancy is not a disability.

---

[34]*Id.*; *see also Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997) ("[p]retext can be shown by 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons'").

[35]*Kendrick*, 220 F.3d at 1230.

[36]Doc. 39, p. 14.

**IT IS ACCORDINGLY ORDERED** this 22nd day of July, 2009 that Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment (Doc. 30) is hereby GRANTED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN